IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN A. BROWNLEE, III | : | |
| Plaintiff | : | |
| v. | : | 3:18-CV-1428 |
| | : | (JUDGE MARIANI) |
| UNITED STATES OF AMERICA and | : | |
| UNKNOWN CREATORS OF MEGAN'S | : | |
| LAW REGISTERING SYSTEM | : | |
| Defendants | : | |

## ORDER

The background of this Order is as follows:

On July 18, 2018, Plaintiff Jonathan Brownlee, III, filed a Complaint against the United States and "Unknown Creators of Megan's Law Registering System." (Doc. 1). Upon screening of the *pro se* Complaint, Magistrate Judge Carlson filed a Report and Recommendation ("R&R") (Doc. 4) recommending that the Complaint be dismissed with prejudice. Plaintiff timely filed a "Motion for Reconsideration and Request for Withdrawal of Recommendation that Complaint be Dismissed" (Doc. 6) which the Court interprets herein as Objections to the R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

In Plaintiff's Objections, he acknowledges that he "no longer seek[s] relief in the form of a court order directing a change be made to the [Megan's Law], and I, the Plaintiff admit that only that portion of my complaint should be dismissed." (Doc. 6, at ¶ 7). Nevertheless, Plaintiff asserts that he "seek[s] monetary relief because I have suffered injuries caused by discrepancies in the [Megan Law Registering System], which discrepancies continue now to make resigning Meagan's Law employees susceptible to false charges and false imprisonment." (*Id.* at ¶ 8).[1]

In an attempt to respond to Magistrate Judge Carlson's finding that Plaintiff's Complaint does not set forth a "short and plain" statement of a cognizable violation of a Constitutional right or other right guaranteed by law, Plaintiff's Objections improperly attempt to amend his Complaint (Doc. 6, at ¶ 13 ("I, the Plaintiff, request that the following paragraphs 16 to 27 be amended/added to supplement the original complaint . . .")). However, Plaintiff's Objections miss the point and, even taking into account the new allegations that Plaintiff wants to add to his Complaint, those allegations do not help Plaintiff's Complaint survive dismissal.

Plaintiff's Complaint, even when considering his new allegations, fails on at least two fronts.

---

[1] In Plaintiff's Complaint, he also seeks relief in the form of "no longer be[ing] required to participate in Meagan's Law registering permanently". (Doc. 1, at 3). For the reasons set forth in the R&R, this broad form of relief is unavailable in the present action.

2

First, as the Magistrate Judge properly noted, the United States is not a proper defendant in this matter in its current posture. Although Plaintiff does not address this issue in his Objections, following the issuance of the R&R, Plaintiff filed a "Motion Requesting Consent of the United States to Sue the United States" (Doc. 9). In the absence of a waiver by the United States, this Court lacks jurisdiction over the United States in this action. The Court cannot compel the United States to waive the sovereign immunity to which they are legally entitled. *See e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Furthermore, to the extent that the Megan's Law Registering System has "creators", those individuals necessarily include federal and/or state lawmakers who would also be entitled to immunity.

Second, Plaintiff's Complaint, even with the proposed additional allegations, appears to remain an attempt to launch a "broad and amorphous challenge to the concept of sex offender registration generally" (Doc. 4, at 11). Even more fundamentally, Plaintiff's Complaint, and proposed amendments, continue to fail to meet the requirements of Federal Rule of Civil Procedure 8, and specifically do not present "a short and plain statement of the claim showing that the pleader is entitled to relief." In its current form, the Court is unable to determine the legal basis for Plaintiff's action, including what specific section(s) or portion(s) of Megan's Law, if any, he alleges violates or infringes upon his rights.[2]

---

[2] The Court agrees with the Magistrate Judge's analysis that Plaintiff's Complaint (Doc. 1) consists of an attempt to launch a "broad and amorphous challenge to the concept of sex offender registration generally" and that courts "have rejected sweeping constitutional challenges to these registration systems." (Doc. 4, at 11-12). However, upon review of Plaintiff's Objections, while currently unclear, it appears possible that Plaintiff is attempting to challenge a specific, and potentially narrow, sub-section or provision

In the current posture of this action, the Magistrate Judge is correct that Plaintiff's Complaint fails to provide a basis for this matter to go forward. However, because Plaintiff is *pro se*, the Court will provide Plaintiff one more opportunity to state precisely what he is alleging. To do so, the Court requires that the Amended Complaint include the following: (1) a statement of the person(s) and/or entities Plaintiff claims wronged him and violated his legal rights; (2) a statement of each defendant's involvement in those violations; (3) a statement specifically identifying when and how any violations occurred; (4) a statement of why Plaintiff believes he is entitled to legal relief or remedy under the law; and (5) the specific relief that Plaintiff is seeking in this action.

Although the Court does not expect the plaintiff to use legal language, his claims must be sufficiently clearly expressed in order for this Court to evaluate whether this action may go forward. Failure to follow this Court's instructions and to present a clear statement of the complaint and the basis for it, will result in the amended complaint being subjected to dismissal with prejudice. At this time however, the Court will remand this matter to Magistrate Judge Carlson and Plaintiff will be provided with 30 days to file an amended complaint which meets the requirements of Federal Rule of Civil Procedure 8.

**ACCORDINGLY, THIS** \_\_\_19th\_\_\_ **DAY OF NOVEMBER, 2018**, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 4), **IT IS HEREBY ORDERED THAT:**

---

within Pennsylvania's Megan's Law. Because this Court is unaware of what is being challenged within that law, what rights Plaintiff believes that portion of the law violates, and how Plaintiff believes his rights have been violated, this Court will provide Plaintiff an opportunity to clarify the basis of his action.

4

1. Plaintiff's "Motion for Reconsideration and Request for Withdrawal of Recommendation that Complaint be Dismissed" (Doc. 6), which the Court interprets as Objections to the R&R, is **DENIED**.

2. The R&R (Doc. 4) is **ADOPTED AS MODIFIED:**

    a. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

    b. Plaintiff may file an amended complaint within **30 days** of the date of this Order. Failure to do so may result in dismissal of this action with prejudice.

    c. Plaintiff is **PROVISIONALLY GRANTED** leave to proceed *in forma pauperis*. Within **30 days** of the date of this Order, Plaintiff shall file an application to proceed *in forma pauperis* and a signed and completed Authorization form. <u>Plaintiff's Amended Complaint will not be screened pursuant to 28 U.S.C. § 1915A until Plaintiff has filed a completed application and Authorization form</u>.

3. Plaintiff's "Motion Requesting Consent of the United States to Sue the United States" (Doc. 9) is **DENIED**.

4. The above-captioned action is **REMANDED** to Magistrate Judge Carlson for proceedings consistent with this Order.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge