# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN BROWNLEE, III | : | Civil No. 3:18-CV-1428 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

This matter comes before the Court on two requests to appoint counsel for the plaintiff, a *pro se* litigant. (Docs. 8 and 15.) The plaintiff seeks appointment of counsel at a time when his complaint has been dismissed without prejudice, and he has been directed to file an amended complaint within 30 days. That 30-day deadline for filing an amended complaint expires today, and Brownlee also seeks an extension of time in which to submit and amended complaint. (Doc. 16.)

We appreciate the plaintiffs' interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to

1

employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had a further opportunity to assess the first benchmark standard we must address, the question of whether the plaintiff's claims against the remaining defendants have arguable legal merit. We have already determined that Brownlee's initial complaint fails as a matter of law, and Brownlee has not submitted an amended complaint. Given the current posture of this case in our view, it would be inappropriate to appoint counsel until Brownlee submits a legally sufficient complaint. It would also be inappropriate to appoint counsel for the purpose of drafting a complaint, since

3

nothing presented by Brownlee to date suggests that he has a viable legal claim in this case. Taking all of these factors into account we DENY these requests to appoint counsel (Docs. 8 and 15), at this time without prejudice to re-examining this issue as this litigation progresses.

Recognizing that Brownlee seeks additional time in which to endeavor to submit an amended complaint, (Doc. 16), we GRANT this request for extension of time. Brownlee shall submit an amended complaint on or before **January 9, 2019**. The failure to file an amended complaint by that date may result in the dismissal of this action with prejudice.

SO ORDERED, this 19th day of December, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge