IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN A. BROWNLEE, III

    Plaintiff

v.

UNITED STATES OF AMERICA and
UNKNOWN CREATORS OF MEGAN'S
LAW REGISTERING SYSTEM

    Defendants

3:18-CV-1428
(JUDGE MARIANI)

## ORDER

AND NOW, THIS 15th DAY OF MAY, 2019, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 24), and Plaintiff's Objections thereto (Docs. 25, 26), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Docs. 25, 26) are **OVERRULED**. Plaintiff's Objections repeatedly make clear that Plaintiff "has no intention of effecting a change (amendment) to sex offender registration laws, and Plaintiff's lawsuit intentions does not care to take any action(s) at all to effect a change to sex offender registration laws" (Doc. 26, at ¶ 12; *see also, id.* at ¶¶ 13, 14, 18, 19, 21). Instead, Plaintiff asserts that his "Statement of Claim" is that "[t]he defendants(s) are responsible for the occurrence of the miscommunication between Plaintiff's employer and law enforcement, which same miscommunication caused Plaintiff's injuries of false charge and false imprisonment." (*Id.* at ¶ 27). As Plaintiff's Amended Complaint and Objections seemingly explain, Plaintiff is attempting to

sue "the unknown creators of the Meagan's Law registering system", whom he further defines as "the culpable individuals of the department of the Creators of the Meagan's Law Registering System which govern the implementation of protocols for investigating Law Enforcement to follow who are conducting employment status registering compliance investigations" (Doc. 22, at ¶¶ 1, n.1), for "fail[ing] to account for the vulnerability of foreseeable and very predictable false 'verbal statements' than an employer can give unknowingly about a resigning Meagan's Law employee's employment status . . ." (*id.* at ¶ 8). Preliminarily, although Plaintiff's definition of the "Creators of the Meagan's Law Registering System" broadly encompasses a large-number of individual defendants, as this Court has previously noted, to the extent that the Megan's Law Registering System has "creators", those individuals necessarily include federal and/or state lawmakers who would be entitled to immunity. (*See* Doc. 13, at 3). It must further be noted that Plaintiff is not attempting to bring a claim against any law enforcement agency or its officers. Plaintiff specifically states that law enforcement officers "did not take appropriate investigative measures to correctly verify my employment status with my employer" which "occur[ed] *as a result* of Defendant's violation of failure to account for the vulnerability of foreseeable and very predictable 'false verbal statements' employers can give unknowingly . . . ." (Doc. 22, at ¶ 9)(emphasis added). Thus, Plaintiff is not asserting that any law enforcement agency or its officers violated any of Plaintiff's constitutional rights or other legal rights when

2

undertaking their investigation, only that the "unknown creators of the Meagan's Law registering system", in creating and executing the law, failed to place adequate measures within the legislative language of Megan's Law to protect Plaintiff. No viable claim for false imprisonment or malicious prosecution exists against those "creators" and regulators of Megan's Law.

2. The R&R (Doc. 24) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's Amended Complaint (Doc. 22) is **DISMISSED WITH PREJUDICE**.

4. In light of this Court's dismissal with prejudice of Plaintiff's Amended Complaint, the following Motions filed by Plaintiff subsequent to the filing of the R&R, are **DISMISSED AS MOOT**:

   a. "Motion Requesting Exemption for Meagan's Law Registering Pending Disposition of Lawsuit" (Doc. 28);

   b. "Motion Requesting Court to Initiate an Investigation to Identify Defendants' Actual Names" (Doc. 30);

   c. "Motion Objecting to Magistrate Judge's Authority" (Doc. 31).[1]

Robert D. Mariani
United States District Judge

---

[1] To the extent that Brownlee's motion objecting to Magistrate Judge Carlson's authority can be construed as an argument that this Court should not consider the pending R&R, Plaintiff's motion is without merit. Brownlee's consent is not necessary for a Magistrate Judge to exercise jurisdiction under 28 U.S.C. § 636(b)(1), including the issuance of non-dispositive orders and Reports and Recommendations for this Court's review.